## Compton v. Compton.

Oct. 31, 1944.

R. H. Riggs for appellant.

T. E. Nickel for appellee.

Opinion of the Court by Judge Harris—Affirming.

This action was instituted by the appellant against her husband, the appellee, for an absolute divorce, for the costs of the action, and for a division of their prop-

erty, which consisted of personalty of the value of some few hundred dollars and of real estate of the value of some few thousand dollars. In the prayer of her petition she did not ask for alimony, but she did ask for this relief in the prayer of her reply. By answer and counterclaim the appellee denied the appellant's alleged grounds for divorce—threats again her life and six months of cruel and inhuman treatment—and prayed that her petition be dismissed and that he be adjudged the owner of the property in question. He did not ask for a divorce. Following the completion of the testimony and the submission of the case, the trial court declined to grant the appellee any affirmative relief, and ruled that the appellant was not entitled to any relief except her costs in the action, which included a fee of $60 for her counsel. From the judgment entered pursuant to those rulings, the appellant has prosecuted this appeal.

Much testimony—all of which has been read with exceeding care—was introduced by the parties, but its nature and quality are such that a repetition or review of it here would serve no useful purpose. It is sufficient to say that it was and is amply sufficient to induce and to sustain the conclusion which the chancellor reached and the judgment which he entered.

As stated above, in the prayer of her reply the appellant asked for alimony. This should have been done by way of an amended petition. But since it has been properly adjudged that she is not entitled to a divorce, it follows that she is not entitled to alimony; and any objection to her pleadings in this respect becomes immaterial. And since this is primarily an action for divorce, with a prayer for a division of jointly owned property as an incident thereto, it follows that the lower court was not in error in not undertaking to determine their titles and make a division of their properties. With the divorce feature eliminated, the pleadings and proof are not sufficient to sustain an action for a division of jointly owned property.

It is to be hoped that these good old people will heed the advice of the chancellor and resume their former relationship, which they maintained so successfully and so long; but if they do not, either will be at liberty to have their property rights ascertained and settled in an appropriate action brought for that purpose.

Judgment affirmed.